**THE HONORABLE RONALD B. LEIGHTON**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| KEVIN MICHAEL BELL,<br><br>     Plaintiff,<br><br>vs.<br><br>CITY OF LACEY, ET AL.,<br><br>     Defendants. | NO. 3:18-CV-05918-RBL<br><br>LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTOIN FOR TEMPORARY RESTRAINING ORDER |

The plaintiff, Kevin Michael Bell, seeks a temporary restraining order preventing him from being confined in the Nisqually Jail in the event he is found guilty in the future for a pending misdemeanor and sentenced to serve time in custody. The Lacey defendants oppose this motion and respectfully ask that it be denied.

### I.  FACTS RELEVANT TO THE MOTION

Mr. Bell's motion indicates that he is currently facing misdemeanor charges and that he has a pretrial hearing on February 25, 2019. Dkt. 20, pg. 2. There is no indication of when the trial may occur or whether there is any actual likelihood that Mr. Bell will be sentenced to serve time in the Nisqually Jail.

LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTOIN FOR TEMPORARY RESTRAINING ORDER  – 1

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480  FAX: (360) 357-3511

Cause No.:  3:18-cv-05918-RBL

Mr. Bell was previously booked into the Nisqually Tribal Jail on 8/7/2016 on a charge of theft. *Svoboda Dec.* He was arraigned the following day on 8/8/2016 and bail was set at $5,000 cash or bond. *Id.* A pretrial date was set for 8/29/2016 with trailing a readiness and trial dates of 9/19/2016 and 9/28/2016 were set respectively. Mr. Bell was released by the court on 8/26/2016 . *Id.*

Regarding his currently pending criminal charge, under cause number 6z0120236 LYP, Mr. Bell failed to appear for the readiness hearing on 9/19/2016 and for the jury trial on 8/29/2016. *Svoboda Dec.* The Court issued a $2500 cash or bond warrant of arrest for Mr. Bell. *Id.* On 2/1/2019 the bench warrant in the above captioned case was recalled as well as the bench warrants on his two probation violation cases. *Id.* On 2/25/2019, the Court will address Mr. Bell's ability to appear in court when summoned, as his ability to do so will effect the outcome of these cases. *Id.*

In 2002 the City of Lacey and the Nisqually Tribal Jail entered an interlocal agreement for jail services. *Id.* This agreement has been renewed and presently the City is still contacting with Nisqually Tribal Jail for services. *Id.* In addition, the Cities of Dupont, Enumclaw, Lakewood, Orting, Roy, Tacoma, Tumwater as well as the Town of Steilacoom, State of Washington – Department of Corrections contract with Nisqually Tribal Jail for jail services. The Squaxin, Upper Skagit and Nooksak Tribal Nations also contact for jail services through Nisqually Tribal Jail. *Id.* The contracts for each of these entities are similar. *Id.*

A person, such as Mr. Bell, housed at the Nisqually Jail remains under the jurisdiction of the City. *Id.* The Criminal Court Rules for Courts of Limited Jurisdiction ( CrRLJ),

**LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTOIN FOR TEMPORARY RESTRAINING ORDER** – 2

*LAW, LYMAN, DANIEL,*
*KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

Cause No.:  3:18-cv-05918-RBL

Washington Constitution and federal laws provide a defendant/inmate the same procedural due process protections as a defendant/inmate that is housed at a non-tribal facility. *Id.*

## LAW AND ARGUMENT

**A. Standard Applicable to a Motion for a Temporary Restraining Order.**

The "standard for issuing a temporary restraining order is essentially the same as that for issuing a preliminary injunction." *Beaty v. Brewer,* 649 F.3d 1071, 1072 (9th Cir.2011). "A plaintiff seeking a preliminary injunction must establish that [ (1) ] he is likely to succeed on the merits, [ (2) ] that he is likely to suffer irreparable harm in the absence of preliminary relief, [ (3) ] that the balance of equities tips in his favor, and [ (4) ] that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008).

**B. Success on the Merits.**

Mr. Bell cannot establish a likelihood of success on the merits. A likelihood of success on the merits "requires more than a mere possibility that relief will be granted." *Nken v. Holder*, 556 U.S. 418, 420, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009).

His motion relies on the argument that the Jail Services Agreement ("the Agreement) between the City and the Nisqually Tribe is invalid. Mr. Bell incorrectly alleges that the federal law is clearly established prohibiting municipalities from contracting with tribes for detention of non-tribal citizens. There are no federal or Washington State cases directly addressing the constitutionality of a local governing body's agreement to transport and house pre-trial detainees on sovereign Indian territory. The Nisqually Jail Agreement is made expressly

**LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTOIN FOR TEMPORARY RESTRAINING ORDER** – 3

**Cause No.: 3:18-cv-05918-RBL**

pursuant to the Interlocal Communities Act and the City (RCW 39.34) and the City and County Jails Act (RCW 70.48).  No court has stated that these Washington statutes are unconstitutional, or do not authorize municipalities to contract with tribes for detention of non-tribal citizens.  *See, e.g., State v. Dalseg*, 132 Wn. App. 854, 865-66, 134 P.3d 261 (2006) (Non-tribal member could serve sentence of work release in a work release program run by a Tribe.)   Supporting the validity of such agreements, several municipalities within the State of Washington have contracts with the Nisqually and other Indian tribes for detention and incarceration of misdemeanant defendants.  *Svoboda Dec.*

Because the Nisqually Jail Agreement does not violate clearly established constitutional law, and for the reasons more fully detailed below, it cannot be said Plaintiff is likely to succeed on the merits of his claims for unlawful seizure and violation of his due process rights.

1. <u>Mr. Bell was lawfully arrested and detained pursuant to the City of Lacey's jurisdiction.</u>

The Fourth Amendment provides that: 'The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated.'  An action for false imprisonment is the unlawful violation of a person's right of personal liberty or the restraint of that person without legal authority.  *Bender v. City of Seattle*, 99 Wn.2d 582, 591 (1983).

Mr. Bell admits that he was lawfully seized with probable cause by Lacey Police.  His action for violation of his 4th Amendment rights necessarily fails.  *Erdman v. Cochise Cty., Ariz.*, 926 F.2d 877, 882 (9th Cir. 1991) (detention pursuant to a facially valid bench warrant not a constitutional violation).  *Pallett v. Thompkins,* 10 Wash.2d 697, 699, 118 P.2d 190

**LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOToIN FOR TEMPORARY RESTRAINING ORDER** – 4

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

**Cause No.:  3:18-cv-05918-RBL**

(1941); *Cavitt v. McCrite*, 194 Wash. 684, 688, 79 P.2d 637 (1938) (In an action for false arrest the general rule is that an officer is not liable if he makes an arrest under a warrant or process which is valid on its face.)

Mr. Bell's reliance on *Brewster v. Beck*, 859 F.3d 1194, 1197 (9th Cir. 2017) is misplaced. *Brewster* does not support Mr. Bell's contention that he was unlawfully detained at the Nisqually Detention and Correction Center in violation of his 4th Amendment rights. The City of Lacey's justification and legal right to detain Plaintiff pursuant to the arrest remained valid throughout his detention.

Mr. Bell alleges Nisqually has no lawful authority to imprison, detain, or incarcerate non-tribal members for acts committed outside of Nisqually territory. However, Plaintiff was not seized pursuant to Nisqually authority. He was lawfully arrested and lawfully detained pursuant to the laws of the State of Washington. There is no evidence that the Nisqually Tribe is asserting jurisdiction over the plaintiff. The Tribe operates a Jail and agrees to house prisoners from many jurisdictions, including the State of Washington. Plaintiff's arrest and detention pursuant to a valid bench warrant by the City of Lacey is not an unlawful violation of his right of personal liberty or a restraint of Plaintiff without legal authority. Therefore, his claim for unlawful seizure in violation of his 4th Amendment rights is without merit. *Bender v. City of Seattle*, 99 Wn.2d 582, 591 (1983).

2. <u>Mr. Bell received all due process rights while lawfully detained.</u>

Mr. Bell alleges he was denied due process by transporting him to the Nisqually Detention and Corrections Center on sovereign Nisqually territory. He alleges the

**LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER** – 5

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

Cause No.:  3:18-cv-05918-RBL

transportation to the Nisqually Detention and Corrections Center amounts to an unlawful deportation.  Mr. Bell concedes within his motion there are no federal or Washington State cases directly addressing the constitutionality of a local governing body's agreement to transport and house pre-trial detainees on sovereign Indian territory.

The Fourteenth Amendment does not protect against all deprivations of liberty.  *Baker v. McCollan*, 443 U.S. 137, 143–45, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979) (detention pursuant to a valid warrant for a time not unduly long not actionable under § 1983).  It protects only against deprivations of liberty accomplished "without due process of law."  Plaintiff asserts that the deportation amounts to an improper punishment in violation of his due process rights.  However, Plaintiff Bell received the same constitutional procedural due process at Nisqually as required by state and federal standards.  Declaration of Joseph Svoboda.  He was provided an initial hearing within 48 hours of arrest and his trial was scheduled within 60 days from his initial hearing.  *Id.*  Plaintiff fails to provide any specific infringement of his due process rights as a result of his "deportation" to the Nisqually Detention Center.

Mr. Bell's assertion that detention at the Nisqually Jail amount to a "deportation" is entirely without merit.  "Ordinarily," it is now clear, "an Indian reservation is considered part of the territory of the State." U.S. Dept. of Interior, Federal Indian Law 510, and n. 1 (1958), *citing Utah & Northern R. Co. v. Fisher,* 116 U.S. 28, 6 S.Ct. 246, 29 L.Ed. 542 (1885); see also *Organized Village of Kake v. Egan,* 369 U.S. 60, 72, 82 S.Ct. 562, 7 L.Ed.2d 573 (1962).  Title 8 of the United States Code is the body of federal law dealing with immigration and nationality.  Title 8 does not define the term "deportation"; however, 8 U.S.C. 1326 Reentry After

LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER  – 6

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
*ATTORNEYS AT LAW*
*2674 R.W. JOHNSON RD. TUMWATER, WA  98512*
*P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880*
*(360) 754-3480   FAX: (360) 357-3511*

Cause No.:  3:18-cv-05918-RBL

Deportation makes it a crime to re-enter the United States after deportation.  Therefore, deportation is necessarily removal from the United States without right of re-entry.  Mr. Bell faces no threat of removal from the United States without right of re-entry.  His status as a U.S. citizen is in no way effected by his detention at the Nisqually facility.  He was merely temporarily housed in a jail that provided the same procedural due process rights he would have received had he been housed at the Thurston County jail.  Mr. Bell's assertions that he detention and incarceration at the Nisqually Jail amounts to an unlawful deportation are without merit.

In sum, Mr. Bell has not shown a likelihood of success on the merits.

**C. Irreperable Harm.**

In *Winter v. NRDC,* 129 S.Ct. 365, 375 (2008), the Court explained that "plaintiffs seeking preliminary relief to demonstrate that irreparable injury is likely in the absence of an injunction."  To support the entry of a preliminary injunction or temporary restraining order, irreparable harm must be "likely, not just possible." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir.2011). The Ninth Circuit has long held that "speculative injury does not constitute irreparable injury." *Colorado River Indian Tribes v. Parker*, 776 F.2d 846, 849 (1985).

Mr. Bell has not been adjudicated guilty of his pending criminal charge and has not been sentenced to custody at the Nisqually Jail.  It is disputed that any "injury" would result from his placement at the Nisqually Jail.  However, regardless of that question, it is speculative at this point that he will even be placed in the Nisqually Jail at some point in the future.

**LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTOIN FOR TEMPORARY RESTRAINING ORDER** – 7

*LAW, LYMAN, DANIEL, KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

**Cause No.:  3:18-cv-05918-RBL**

### D. Equities

When "a district court balances the hardships of the public interest against a private interest, the public interest should receive greater weight." *FTC v. World Wide Factors, Ltd.,* 882 F.2d 344, 347 (9th Cir.1989). In this case, should Mr. Bell be sentenced to custody for his criminal charges, the public interest in safely holding him where the criminal court determines appropriate, outweighs Mr. Bell's preference in the location of his potential future custody. Mr. Bell has also failed to present evidence that there is in fact an alternate location to house him should he be convicted and sentenced to custody.

### E. Public Interest.

"The public interest analysis for the issuance of a preliminary injunction requires [the court] to consider whether there exists come critical public interest that would be injured by the grant of preliminary relief." *Indep. Living Ctr. Of S. Cal., Inc. v. Maxwell–Jolly*, 572 F.3d 644, 659 (9th Cir.2009) vacated and remanded on other grounds sub nom. *Douglas v. Indep. Living Ctr. of S. Cal., Inc.*, ––– U.S. ––––, 132 S.Ct. 1204, 182 L.Ed.2d 101 (2012).

Plaintiff has failed to establish any public interest served by the issuance of a TRO in this case.

### F. Bond

Federal Rule of Civil Procedure 65(c) instructs that courts may issue a TRO "only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." If a

**LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTOIN FOR TEMPORARY RESTRAINING ORDER** – 8

Cause No.: 3:18-cv-05918-RBL

TRO is issued, a bond should be required in an amount that would cover the potential extra cost of housing Mr. Bell at another location.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for a temporary restraining order should be denied.

DATED this 20th day of February, 2019.

LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.

*/s/ John E. Justice*
_____
John E. Justice, WSBA № 23042
Attorney for Defendants
PO Box 11880
Olympia WA 98508-1880
(360) 754-3480   Fax: (360) 357-3511
Email: jjustice@lldkb.com

LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTOIN FOR TEMPORARY RESTRAINING ORDER  – 9

*LAW, LYMAN, DANIEL,
KAMERRER & BOGDANOVICH, P.S.*
ATTORNEYS AT LAW
2674 R.W. JOHNSON RD. TUMWATER, WA  98512
P.O. BOX 11880  OLYMPIA, WASHINGTON 98508-1880
(360) 754-3480   FAX: (360) 357-3511

Cause No.:  3:18-cv-05918-RBL

# CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury under the laws of the United States of America that on this date, I caused to be electronically filed the foregoing document, and the Declaration of Joseph Svoboda, and this Certificate of ECF Filing & Service, with the Clerk of the Court using the CM/ECF system, who will send notification of such filing to the following parties:

**Plaintiff via Counsel**

Jackson Millikan, jackson@millikanlawfirm.com

Kent W Underwood    Kent@Underwoodlaw.us, assistant@underwoodlaw.us

**Co-Counsel**

Aaron P Gilligan    agilligan@masattorneys.com

Daniel Francis Mullin    dmullin@masattorneys.com, eboehmer@masattorneys.com

**Co-Defendants' Counsel**

Thomas B Nedderman    tnedderman@floyd-ringer.com, mhoward@floyd-ringer.com

William J Dow    wdow@floyd-ringer.com, jjimenez@floyd-ringer.com

mailto:sbrown@williamskastner.com

DATED this 20th day of February, 2019, at Tumwater, Washington.

/s/ John E. Justice

**LACEY DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTOIN FOR TEMPORARY RESTRAINING ORDER** – 10

Cause No.: 3:18-cv-05918-RBL