HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| KEVIN MICHAEL BELL<br><br>          Plaintiff,<br><br>     v.<br><br>CITY OF LACEY; Police Chief DUSTY PIERPOINT individually; Police Commander JOE UPTON individually; City Attorney DAVID SCHNEIDER individually; Mayor ANDY RYDER individually; City Manager SCOTT SPENCE individually; DOEs 1-25 individually; NISQUALLY TRIBE, Nisqually CEO JOHN SIMMONS, individually and Nisqually CFO ELETTA TIAM individually.<br><br>          Defendants. | NO. 3:18-cv-05918-RBL<br><br>DEFENDANT NISQUALLY TRIBE'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

**I.     RELIEF REQUESTED**

Defendant Nisqually Tribe, by and through its counsel of record, hereby urge the Court to deny Plaintiffs' Motion for Temporary Restraining Order. (Dkt. #20). Sovereign immunity precludes Plaintiff's motion, and there is no evidence that the tribe has expressly waived its immunity. The motion is also premature because there is no evidence Plaintiff will be remanded to the Nisqually Jail. Finally, to the extent injunctive relief is granted, it should be in

DEFENDANT NISQUALLY TRIBE'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 1

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

the form of a *temporary* restraining order, as opposed to an preliminary injunction of indefinite duration. Nevertheless, Plaintiff's Motion should be denied in its entirety.

## II. STATEMENT OF FACTS

This action is brought by Plaintiff Kevin Michael Bell following his detention in the Nisqually Jail. Plaintiff admits that on or about August 7, 2016, City of Lacey Police arrested him on suspicion of petty shoplifting in Lacey, Washington. (Dkt. #1-2 at 7). Lacey Police then apparently transported Mr. Bell to the Nisqually Jail for pre-trial detention. (Dkt. #1-2 at 7). Mr. Bell was detained at the Nisqually Jail pursuant to a jail services agreement between Nisqually and the City of Lacey, under which Nisqually agreed to house the City's detainees. (Dkt. #1-2 at 21).

While he was in custody, Plaintiff avers he "suffered a severe stroke while he slept." (Dkt. #1-2 at 8). He was admitted to the hospital thereafter. (Dkt. #1-2 at 9). He has apparently been released to a West Olympia nursing home, where he has resided since. (Dkt. #20-1 at 2).

Nisqually answered Plaintiff's lawsuit on February 14, 2019. (Dkt. #19). As one of many affirmative defenses, Nisqually alleged that "Plaintiff's claims are barred, in whole or in part, by the doctrine of tribal sovereign immunity." (Dkt. #19 at 14).

Plaintiff filed his Motion for Temporary Restraining Order on February 19, 2019. (Dkt. #20). In it, he seeks relief "prohibiting the City from placing Plaintiff in any tribal detention facility and prohibiting Nisqually Indian Tribe from detaining Plaintiff at any time pending a final ruling on the merits." (Dkt. #20 at 2). He then notes that he plans to seek a preliminary injunction, "and in due course Plaintiff will seek to permanently enjoin this practice as to all similarly situated." (Dkt. #20 at 2).

Plaintiff's counsel claims that his client "was placed on bench warrant status" when he was transported from the Nisqually Jail to the hospital. (Dkt. #20-1 at 2). He also claims that, "[a]s of February 2, 2019, the bench warrant has been recalled and my client's pretrial hearing is set for Monday, February 25, 2019." (Dkt. #20-1 at 2). Plaintiff avers he "cannot fairly plea bargain or commit to a trial with the possibility of another deportation to Nisqually hanging

DEFENDANT NISQUALLY TRIBE'S OPPOSITION
TO PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 2

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

1  over him." (Dkt. #20-1 at 2). No additional information regarding the alleged imminence of
2  Plaintiff's alleged, prospective detention in the Nisqually Jail.

### III.   ISSUES PRESENTED

1. Should the Court issue a temporary restraining order commanding action (or inaction) by Nisqually, a sovereign entity that has not waived (and has actively asserted) its immunity from suit?

2. Should the Court grant a temporary restraining order when there is no evidence of either imminent irreparable harm, and when Plaintiff has failed to meet his burden of proof?

3. Even if Plaintiff's request for specific relief is granted, should its duration be limited to that of a temporary restraining order, which Plaintiff apparently seeks, rather than that of a preliminary injunction?

### IV.   AUTHORITY AND ARGUMENT

**A.   This Court lacks jurisdiction over Nisqually, an Indian tribe that has not waived its sovereign immunity.**

As a preliminary matter, this Court lacks jurisdiction over Nisqually, a sovereign Indian tribe. Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58, 98 S. Ct. 1670, 56 L.Ed.2d 106 (1978). A waiver of sovereign immunity "cannot be implied but must be unequivocally expressed." *Id.* (citations omitted). Sovereign immunity "extends to suits for declaratory and injunctive relief," and "is not defeated by an allegation that [the tribe] acted beyond its powers." *Imperial Granite Co. v. Pala Band of Mission Indians*, 940 F.2d 1269, 1271 (9th Cir. 1991); *see also Quinault Indian Nation v. Pearson*, 868 F.3d 1093, 1096 (9th Cir. 2017) ("Tribes are shielded not only from suits for money damages, but from declaratory and injunctive relief as well."). The plaintiff bears the burden of showing a waiver of tribal sovereign immunity. *Ingrassia v. Chicken Ranch Bingo & Casino*, 676 F. Supp. 2d 953, 956 (E.D. Cal. 2009).

DEFENDANT NISQUALLY TRIBE'S OPPOSITION
TO PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 3

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA   98119
TEL 206 441-4455
FAX 206 441-8484

Plaintiff's Motion asks the Court to affirmatively prohibit the Tribe from detaining Plaintiff "at any time pending a final ruling on the merits." This relief is not only improper as to scope (explained in greater detail below), it would run afoul of the Nisqually's sovereign immunity. Plaintiff's Motion does not attempt to argue that sovereign immunity would not apply to this injunctive relief, and in fact *repeatedly* makes reference to Nisqually being a sovereign entity as a cudgel in support of his claims. (*See, e.g.*, Dkt. #20 at 5:17, 5:22, 6:2, 8:21, 9:15, 11:12, 14:13). Additionally, Plaintiff expressly notes that the jail contract's "Venue and Choice of Law" clause "may or may not functionally equate to such waiver" of sovereign immunity. (Dkt. #20 at 3-4). Plaintiff's hedging verbiage can be read as a concession of a lack of "unequivocal expression" of sovereign immunity. *See Santa Clara Pueblo*, 436 U.S. at 58. In any event, Plaintiff has not met and cannot meet his burden of proving an unequivocal waiver of sovereign immunity. Accordingly, the Court should refuse to grant injunctive relief against the Tribe regardless of whether it chooses to order such relief against other entities to this suit.

**B.     Plaintiff's cannot meet the requirements for issuance of a TRO.**

The standards for issuing temporary restraining orders are "substantially identical" to the standards for issuing preliminary injunctions. *Stuhlbarg Intern. Sales Co., Inc. v. John D. Brushy & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972, 117 S. Ct. 1865, 138 L. Ed. 2d 162 (1997) (per curiam) (citation omitted). Thus, the movant bears the heavy burden of making a "clear showing" that he is entitled to a preliminary injunction. *Ctr. for Competitive Politics v. Harris*, 784 F.3d 1307, 1312 (9th Cir. 2015).

To obtain preliminary injunctive relief, the applicant must show: (1) he is likely to succeed on the merits of such a claim; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Villegas Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation

DEFENDANT NISQUALLY TRIBE'S OPPOSITION
TO PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 4

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

omitted). It is the plaintiff's burden to put forth specific evidence from which the court can infer irreparable harm. *Adidas Am., Inc. v. Skechers USA, Inc.*, 890 F.3d 747, 760 n.8 (9th Cir. 2018). Under recent U.S. Supreme Court precedent, must establish that irreparable harm is likely, not just possible, in order to obtain a preliminary injunction. *All. For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (citing *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008)). A single past incident in insufficient to establish the likelihood of future injury under Ninth Circuit law. *Apilado v. N. Am. Gay Amateur Ath. All.*, 792 F. Supp. 2d 1151, 1164-65 (W.D. Wash. 2011) (Coughenour, J.) (citing *Hodgers-Durgin v. de la Vina*, 199 F.3d 1037, 1044 (9th Cir. 1999)).

Here, setting aside Nisqually's overarching sovereign immunity defense to injunctive relief, Plaintiff cannot succeed on the facts alone because he has not presented any evidence that he will suffer "irreparable harm" if he is returned to the Nisqually Jail. Plaintiff focuses primarily on speculative medical negligence if he returns to the jail, arguing he "will be subject to the same indifference as before." (Dkt. #20 at 14). Nisqually vehemently denies any alleged indifference to Plaintiff, past or future, but posits that Plaintiff's fear of poor treatment by tribal jailors falls well short of the "specific evidence" required before a TRO can be issued. Indeed, as Ninth Circuit precedent makes clear, even if Nisqually inadequately cared for Plaintiff in the past (which it did not), that does not mean that "past is prologue," as Plaintiff asserts. (Dkt. #20 at 15). Plaintiff cannot meet his "heavy burden" of proving a TRO by presenting merely speculative, conclusory allegations.

Perhaps more fundamentally, Plaintiff cannot establish that he will be remanded to the Nisqually Jail in the first place. Plaintiff—by his counsel's admission—is currently residing in a nursing home, and merely speculates that he may be moved to the Nisqually Jail. Fear of possible placement in the Nisqually Jail hardly constitutes the likelihood of possible harm needed to obtain injunctive relief; if it did, injunctive relief would no longer be an "extraordinary" or "drastic" remedy. Plaintiff's motion also offers that the "sentences for petty theft are typically close to the 19 days already served," suggesting no additional jail time for

DEFENDANT NISQUALLY TRIBE'S OPPOSITION
TO PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 5

Floyd, Pflueger & Ringer P.S.
200 West Thomas Street, Suite 500
Seattle, WA  98119
Tel 206 441-4455
Fax 206 441-8484

Plaintiff is quite possible, particularly in light of his infirmities. And, Plaintiff, apparently, has not even begun plea bargaining or preparing for trial. While Plaintiff may eventually be able to establish that he is likely to return to the Nisqually Jail, he cannot do so at this time, meaning even the prospect of irreparable harm—which Nisqually denies—is not imminent as is needed to obtain injunctive relief.

Furthermore, Plaintiff's conclusory motion also fails to meet his heavy burden of proving the remaining three elements needed for issuance of a TRO. Plaintiff's cannot demonstrate a likelihood of success on the merits; as he himself recognizes, "no case is directly on point with the facts" of this case, and his claim of due process and other unconstitutional violations simply do not accord with the facts, as the City's Response (Dkt. #21) outlines. Plaintiff's arguments regarding the equities at play and public interest are similarly flawed, and certainly fail to meet the requisite "heavy burden" he must shoulder to obtain injunctive relief. Accordingly, notwithstanding Nisqually's overriding sovereign immunity defenses, Plaintiff's TRO Motion fails on the facts alone.

**C.     Any injunctive relief granted should be time-limited as Federal Rule 65 requires.**

Finally, even if the Court grants Plaintiff's request for a TRO, which Nisqually posits it should not, the Court should limit the duration of the relief granted. Federal Rule 65 states that a temporary restraining order "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2); *see also E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1239 (9th Cir. 2018) ("[A] key distinction between a 'true' TRO and an appealable preliminary injunction is that a TRO may issue without notice and remains in effect for only 14 days (or longer if the district court finds 'good cause' to extend it).").

In this case, Plaintiff apparently seeks a temporary restraining order. His Motion says he "moves the Court for a Temporary Restraining Order." (Dkt. #20 at 2). His Motion is also noted as a same-day motion under LCR 7(d)(1), rather than as a fourth Friday motion for a

DEFENDANT NISQUALLY TRIBE'S OPPOSITION
TO PLAINTIFF'S MOTION FOR TEMPORARY
RESTRAINING ORDER - 6

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA   98119
TEL 206 441-4455
FAX 206 441-8484

preliminary injunction under LCR 7(d)(3).[1] Yet, Plaintiff's TRO motion also seeks to enjoin Nisqually "from detaining Plaintiff at any time pending a final ruling on the merits." (Dkt. #20 at 2); *see also* (Dkt. #20 at 18) ("The TRO should prevent Kevin Bell from being remanded into Nisqually Jail or any other tribal jail pending a ruling on the merits."). To the extent Plaintiff actually seeks a preliminary injunction, which can proceed indefinitely "while the lawsuit progresses toward its conclusion," such relief should be denied. *See Pac. Kidney & Hypertension, LLC v. Kassakian*, 156 F. Supp. 3d 1219, 1223 n.2 (D. Or. 2016).

## V. CONCLUSION

Based on the foregoing, Nisqually respectfully requests that the Court deny Plaintiff's Motion for a Temporary Restraining Order. Nisqually is a sovereign tribe that is immune from suit, and Plaintiff has not met his burden of proving unequivocal waiver needed to obtain relief against it. Plaintiff has moreover failed to meet his heavy burden of proving an entitlement to temporary injunctive relief.

DATED this 21st day of February, 2019.

FLOYD PFLUEGER & RINGER, P.S.

/s/ Thomas B. Nedderman
Thomas B. Nedderman, WSBA No. 28944
William J. Dow, WSBA No. 51155
FLOYD, PFLUEGER & RINGER P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Tel (206) 441-4455
Fax (206) 441-8484
tnedderman@floyd-ringer.com
wdow@floyd-ringer.com
*Counsel for Defendants Nisqually Tribe,
CEO John Simmons and CFO Eletta Tiam*

---

[1] Notably, this required Defendants to file an opposition within 48 hours, rather than at least 18 days thereafter. *Compare* LCR 65(b)(5) *with* LCR 7(d)(3).

DEFENDANT NISQUALLY TRIBE'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 7

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

# DECLARATION OF SERVICE

Pursuant to RCW 9A.72.085, I declare under penalty of perjury and the laws of the State of Washington that on the below date, I delivered a true and correct copy of DEFENDANT NISQUALLY TRIBE'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER via the method indicated below to the following parties:

| | | |
|---|---|---|
| Jackson Millikan<br>Millikan Law Firm<br>2540 Kaiser Rd NW<br>Olympia, WA 98502<br>jackson@millikanlawfirm.com | *Counsel for Plaintiff* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Kent Underwood<br>Underwood Law<br>705 S. 9th Street, Suite 205<br>Tacoma, WA 98405<br>Kent@underwoodlaw.us | *Counsel for Plaintiff* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Robert W. Novasky<br>Forsberg & Umlauf, P.S.<br>1102 Broadway Ste 510<br>Tacoma, WA 98402-3534<br>rnovasky@FoUm.law | *Counsel for Defendants Does 1-25* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| John E. Justice<br>Law, Lyman, Daniel, Kamerrer & Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98058<br>jjustice@lldkb.com | *Counsel for Lacey Defendants* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |
| Daniel F. Mullin<br>Aaron P. Gilligan<br>101 Yesler Way, Suite 400<br>Seattle, WA 98104<br>dmullin@masattorneys.com<br>agilligan@masattornys.com | *Counsel for Lacey Defendants* | [ ] Via Messenger<br>[ ] Via Email<br>[ ] Via Facsimile<br>[ ] Via U.S. Mail<br>[X] Via CM/ECF |

DATED this 21st day of February, 2019 at Seattle, Washington.

/s/Monica R. Howard
Monica R. Howard, Legal Assistant

DEFENDANT NISQUALLY TRIBE'S OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER - 8

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484