HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

KEVIN MICHAEL BELL

              Plaintiff,

   v.

CITY OF LACEY; Police Chief DUSTY
PIERPOINT individually; Police Commander
JOE UPTON individually; City Attorney
DAVID SCHNEIDER individually; Mayor
ANDY RYDER individually; City Manager
SCOTT SPENCE individually; DOEs 1-25
individually; NISQUALLY TRIBE, Nisqually
CEO JOHN SIMMONS, individually and
Nisqually CFO ELETTA TIAM individually.

              Defendants.

NO. 3:18-cv-05918-RBL

DEFENDANT NISQUALLY TRIBE'S
SURREPLY IN RESPONSE TO
PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING
ORDER

Defendant Nisqually Tribe files this Surreply in Response to Plaintiff Kevin Michael

Bell's Motion for Temporary Restraining Order (Dkt. #20), which the Court *sua sponte*

converted to a motion for preliminary injunction. (Dkt. #27). Plaintiff's *praecipe* (Dkt. #26)

and reply briefing (Dkt. #29) modify the scope of the relief sought in Plaintiff's Motion, and

Nisqually therefore asks that the Court strike this untimely modification.

## I.    PROCEDURAL HISTORY

Plaintiff filed this action on November 9, 2018. (Dkt. #1-2). Plaintiff indicated serving

the Nisqually Tribe on or about January 7, 2019. (Dkt. #13). He filed his Motion for Temporary

Restraining Order for same-day consideration on February 19, 2019. (Dkt. #20). In that Motion,

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

1   Plaintiff specifically sought, in part, injunctive relief "prohibiting Nisqually Indian Tribe from
2   detaining Plaintiff at any time pending a final ruling on the merits." (Dkt. #20). Plaintiff's brief
3   did not address any injunction upon Nisqually's jail officials. (*See* Dkt. #20).

4       Nisqually opposed this motion on February 21, 2019. (Dkt. #25). Nisqually's brief
5   focused on its sovereign immunity and Plaintiff's failure to prove waiver. (Dkt. #25 at 3-4).

6       Later that afternoon, Plaintiff filed a "praecipe" modifying his request for an injunction
7   against the Tribe. (Dkt. #26). Specifically, Plaintiff sought to modify his motion to seek
8   injunctive relief against jail officials, rather than Nisqually itself. (Dkt. #26). Plaintiff later
9   submitted a reply briefing that did not challenge Nisqually's sovereign immunity. (Dkt. #29).
10  The brief ends with a request that the Court "prohibit the Nisqually tribal officials who operate
11  Nisqually Jail from detaining plaintiff." (Dkt. #29 at 9).

12              **II.    AUTHORITY AND ARGUMENT**

13      The Local Rules set out the standards for surreplies. LCR 7(g). If new facts or
14  arguments are introduced in a reply, the nonmoving party may file a surreply requesting that
15  the court strike the material. *Jinni Tech Ltd. v. Red.com, Inc.*, No. C17-0217JLR, 2017 U.S.
16  Dist. LEXIS 174279, at *10 (W.D. Wash. Oct. 20, 2017) (Robart, J.). A surreply "shall be
17  strictly limited to addressing the request to strike," and "[e]xtraneous argument or a surreply
18  filed for any other reason will not be considered." LCR 7(g)(2).

19      "As a general rule, a 'movant may not raise new facts or arguments in his reply brief'"
20  as doing so 'essentially prevents [the nonmoving party] from providing any response.'" *United
21  States v. Washington*, 88 F. Supp. 3d 1203, 1217 (W.D. Wash. 2015) (Martinez, J.) (citation
22  omitted); *see also United States v. Puerta*, 982 F.2d 1297, 1300 n.1 (9th Cir. 1992) ("New
23  arguments may not be introduced in a reply brief.") In *Washington*, the Court struck one party's
24  legal arguments first offered on reply, notwithstanding their importance to the case, due to the
25  resulting "one-sided presentation." *Washington*, 88 F. Supp. 3d at 1217.

26      Here, Nisqually requests that the Court strike any argument by Plaintiff requesting relief
27  against its jail officials, rather than the Tribe itself. Plaintiff's Motion was clear that it sought

---

DEFENDANT NISQUALLY TRIBE'S SURREPLY IN
RESPONSE TO PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER - 2

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA  98119
TEL 206 441-4455
FAX 206 441-8484

relief against Nisqually, rather than any specific individuals. Nisqually therefore did not brief issues related to whether its sovereign immunity is implicated even if Plaintiff only names its unnamed officials, which Nisqually posits it may well be. *See, e.g.*, *Shermoen v. United States*, 982 F.2d 1312, 1320 (9th Cir. 1992) ("[A] suit may fail, as one v. the sovereign, even if it is claimed that the officer being sued has acted unconstitutionally or beyond his statutory powers, if the relief requested can not be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign…."). Moreover, Plaintiff's late modification came after the deadline for counsel for Does 1-25—which Plaintiff describes as including Nisqually jail officers—to respond to the Motion. (Dkt. #1-2). It also allows Plaintiff's request to sidestep argument regarding whether the unnamed individuals named in its Reply can, indeed, be bound by such relief. *See* Fed. R. Civ. P. 65(d)(2). The aforementioned concerns are particularly potent given the already expedited briefing schedule upon which Plaintiff's temporary restraining order motion was noted.

Nisqually therefore respectfully asks the Court to strike Plaintiff's belated request for injunctive relief against Nisqually tribal officials. Plaintiff's request for injunctive relief should be limited to the two entities he initially named in his Motion: the City of Lacey and Nisqually.

DATED this 4th day of March, 2019.

FLOYD PFLUEGER & RINGER, P.S.

/s/ Thomas B. Nedderman
Thomas B. Nedderman, WSBA No. 28944
William J. Dow, WSBA No. 51155
FLOYD, PFLUEGER & RINGER P.S.
200 W. Thomas Street, Suite 500
Seattle, WA 98119
Tel (206) 441-4455
Fax (206) 441-8484
tnedderman@floyd-ringer.com
wdow@floyd-ringer.com
*Counsel for Defendants Nisqually Tribe,*
*CEO John Simmons and CFO Eletta Tiam*

DEFENDANT NISQUALLY TRIBE'S SURREPLY IN
RESPONSE TO PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER - 3

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484

DECLARATION OF SERVICE

Pursuant to RCW 9A.72.085, I declare under penalty of perjury and the laws of the State of Washington that on the below date, I delivered a true and correct copy of DEFENDANT NISQUALLY TRIBE'S SURREPLY IN RESPONSE TO PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER via the method indicated below to the following parties:

| | | |
|---|---|---|
| Jackson Millikan<br>Millikan Law Firm<br>2540 Kaiser Rd NW<br>Olympia, WA 98502<br>jackson@millikanlawfirm.com | *Counsel for Plaintiff* | [  ] Via Messenger<br>[  ] Via Email<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail<br>[X] Via CM/ECF |
| Kent Underwood<br>Underwood Law<br>705 S. 9th Street, Suite 205<br>Tacoma, WA 98405<br>Kent@underwoodlaw.us | *Counsel for Plaintiff* | [  ] Via Messenger<br>[  ] Via Email<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail<br>[X] Via CM/ECF |
| Robert W. Novasky<br>Forsberg & Umlauf, P.S.<br>1102 Broadway Ste 510<br>Tacoma, WA 98402-3534<br>rnovasky@FoUm.law | *Counsel for Defendants Does 1-25* | [  ] Via Messenger<br>[  ] Via Email<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail<br>[X] Via CM/ECF |
| John E. Justice<br>Law, Lyman, Daniel, Kamerrer &<br>Bogdanovich, P.S.<br>P.O. Box 11880<br>Olympia, WA 98058<br>jjustice@lldkb.com | *Counsel for Lacey Defendants* | [  ] Via Messenger<br>[  ] Via Email<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail<br>[X] Via CM/ECF |
| Daniel F. Mullin<br>Aaron P. Gilligan<br>101 Yesler Way, Suite 400<br>Seattle, WA 98104<br>dmullin@masattorneys.com<br>agilligan@masattornys.com | *Counsel for Lacey Defendants* | [  ] Via Messenger<br>[  ] Via Email<br>[  ] Via Facsimile<br>[  ] Via U.S. Mail<br>[X] Via CM/ECF |

DATED this 4th day of March, 2019 at Seattle, Washington.

/s/ Monica R. Howard
Monica R. Howard, Legal Assistant

DEFENDANT NISQUALLY TRIBE'S SURREPLY IN
RESPONSE TO PLAINTIFF'S MOTION FOR
TEMPORARY RESTRAINING ORDER - 4

FLOYD, PFLUEGER & RINGER P.S.
200 WEST THOMAS STREET, SUITE 500
SEATTLE, WA 98119
TEL 206 441-4455
FAX 206 441-8484