UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN MICHAEL BELL,<br><br>                  Plaintiff,<br><br>    v.<br><br>CITY OF LACEY, et al.,<br><br>                  Defendant. | CASE NO. 3:18-cv-05918-RBL<br><br>ORDER ON DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS<br><br>DKT. #36 |

THIS MATTER is before the Court on Defendants Nisqually Tribe, John Simmons, and Elatta Tiam's (collectively "the Tribe Defendants") Motion for Judgment on the Pleadings. Dkt. #36. After being arrested and charged with a crime in the City of Lacey, Bell was held for 19 days at a detention facility owned and operated by the Nisqually Tribe on Reservation land. The facility detains non-tribal members pursuant to an Agreement between the Tribe and the City of Lacey whereby the latter pays the former for incarceration services. At the end of his time at the facility, Bell suffered a stroke.

He has now sued numerous parties including the Nisqually Tribe, the Tribe's Chief Executive Officer John Simmons, and its Chief Financial Officer Eletta Tiam (Bell also sued several Doe Defendants who allegedly failed to give him medical treatment, but they are not the

subject of this Order). Bell alleges claims for false imprisonment, declaratory and injunctive relief, negligent infliction of emotional distress, and negligence against all three Tribe Defendants. Bell alleges a claim for deliberate indifference to medical needs under the Fifth and Fourteenth Amendments and breach of contract against the Tribe alone. Bell alleges a claim for conspiracy to violate his constitutional rights against Simmons and Tiam alone.

On April 18, 2019, the Tribe Defendants moved to dismiss Bell's claims against them, arguing that the claims are barred by sovereign immunity, factually implausible, and time-barred. After oral argument on June 18, 2019, the Court rules as follows:

Native American tribes and their governing bodies possess sovereign immunity and may not be sued absent express and unequivocal waiver of immunity by the tribe or abrogation of immunity by Congress. *Santa Clara Pueblo v. Martinez*, 436 U.S. 49, 58–59 (1978). However, the Ninth Circuit has held that tribal officers allegedly violating federal law are not immune from suits seeking prospective relief under the doctrine of *Ex Parte Young*. *See Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1092 (9th Cir. 2007) (citing *Burlington N. R. Co. v. Blackfeet Tribe of Blackfeet Indian Reservation*, 924 F.2d 899, 901 (9th Cir. 1991) (overruled on other grounds)).

In this case, no waiver or abrogation has occurred. Consequently, the claims for monetary relief against the Tribe Defendants must be dismissed. However, because Bell's complaint cites *Ex Parte Young* but the parties do not address it in their briefs, the Court lacks sufficient materials to decide whether Bell's claim for declaratory and injunctive relief against Simmons and Tiam can be dismissed. That question is therefore reserved pending further briefing.

Bell's primary argument is that he may sue the Tribe as a third-party beneficiary of the Tribe's Agreement with the City. The Agreement waives the Tribe's sovereign immunity to the following extent:

> The Nisqually Indian Tribe is a Sovereign Nation with all immunities attendant thereto **WITH THE FOLLOWING EXCEPTION THAT THE PARTIES TO THIS AGREEMENT HAVE SPECIFICALLY NEGOTIATED**:
>
> The Nisqually Indian Tribe does hereby expressly consent to venue in the courts of the State of Washington for any legal dispute by and between the parties to this agreement and further agrees that any such dispute shall be interpreted pursuant to the laws of the state of Washington.

Dkt. #9, Ex. A, at ¶15. According to Bell, he is included as a "party" to the Agreement and can therefore sue the Tribe in a state or federal court.

Under Washington law, "[t]he creation of a third-party beneficiary contract requires that the parties intend that the promisor assume a direct obligation to the intended beneficiary at the time they enter into the contract." *Postlewait Const., Inc. v. Great Am. Ins. Companies*, 106 Wash. 2d 96, 99 (1986) (quoting *Lonsdale v. Chesterfield*, 99 Wash.2d 353, 361 (1983). The inquiry focuses on objective criteria and asks "whether performance under the contract would necessarily and directly benefit" the third party. *Id*. "An incidental, indirect, or inconsequential benefit to a third party is insufficient to demonstrate an intent to create a contract directly obligating the promisor to perform a duty to a third party." *Kim v. Moffett*, 156 Wash. App. 689, 701 (2010).

Here, the Agreement expressly allocates mandatory responsibilities for medical treatment and transportation to the City. Dkt. #9, Ex. A, at ¶8, 9 ("Lacey shall be solely responsible for the medical care and medical expenses of prisoners."). While the Agreement states that the Tribe must provide "room and board" to inmates, this does not show that the parties intended to create a contractual obligation. Furthermore, even if inmates could be considered third-party

beneficiaries under the Agreement, the waiver of sovereign immunity does not clearly encompass claims brought by third parties. The Agreement only waives sovereign immunity for disputes between "the parties to this agreement," the same "parties to this agreement" that are also referred to as having "specifically negotiated" the waiver exception. Dkt. #9, Ex. A, at ¶15. Because future prisoners like Bell did not and could not have taken part in negotiations, the phrase "parties to this agreement" was intended to encompass only the Tribe and the City. Consequently, the Agreement does not "unequivocally express" an intent to waive sovereign immunity for third-party beneficiaries. *See Santa Clara Pueblo*, 436 U.S. at 58.

Bell's remaining arguments also lack merit. Bell spends much space arguing that his claim "sounds in habeas" because he alleges that the Tribe's Agreement to detain state prisoners is illegal. Dkt. #39 at 3-4. Therefore, according to Bell, the Tribe is a proper defendant under the Indian Civil Rights Act, which permits federal courts to adjudicate habeas petitions. *See Tavares v. Whitehouse*, 851 F.3d 863, 870 (9th Cir. 2017).

However, as the Tribe Defendants correctly point out, Bell cannot maintain a habeas action when he is no longer being detained. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004). There is no dispute that Bell has been released from Tribal custody and there is no clear indication that he will be returned to it. Even if there were, so long as Bell is not in custody, any habeas action would be speculative and premature. Indeed, the Ninth Circuit interpreted the Indian Civil Rights Act's habeas provision to be even narrower than federal habeas statutes. *See Tavares*, 851 F.3d at 875-76. Bell thus cannot save his claims against the Tribe by restyling his complaint as a habeas petition.

Bell also advances an argument about divestiture, claiming that "[b]y keeping the non-native Plaintiff in tribal captivity, the Tribe acted outside the scope of its sovereignty." Bell then

quotes a lengthy portion of *Montana v. United States*, 450 U.S. 544, 565 (1981). But *Montana* concerns a tribe's inherent sovereign authority to regulate certain activity, not a tribe's sovereign immunity from suit. In fact, the Ninth Circuit observed in *In re Greene* that *Montana* and similar cases do not impact tribal immunity. 980 F.2d 590, 598 (9th Cir. 1992). Bell's divestiture argument fails.

Finally, Bell contends that Simmons and Tiam cannot invoke sovereign immunity because they were sued in their individual capacities. *See Lewis v. Clarke*, 137 S. Ct. 1285, 1288 (2017). However, courts "may not simply rely on the characterization of the parties in the complaint" when assessing whether a claim is actually against an officer in their official capacity. *Id*. at 1290. Here, Bell's claims against Simmons and Tiam stem from policy-level decisions made as representatives of the Tribe and administrative conduct undertaken as officers of the Tribe. None of Simmons and Tiam's actions were directed at Bell personally. Sovereign immunity thus extends to Simmons and Tiam for Bell's claims seeking monetary relief.

For the above reasons, all claims against the Tribe are DISMISSED and the false imprisonment, conspiracy, negligent and reckless infliction of emotional distress, and negligence claims against Simmons and Tiam are DISMISSED. The Court orders further briefing on the issue of whether Bell's claim for declaratory and injunctive relief against Simmons and Tiam should survive under the doctrine of *Ex Parte Young*. The Tribe Defendants have 10 days from

//

//

//

//

the date of this order to submit their brief. After submission of the Defendants' brief, Bell shall then have 5 additional days to file his response. Neither brief should exceed 10 pages.

IT IS SO ORDERED.

Dated this 24th day of June, 2019.

                                                                *Ronald B. Leighton*
                                                                Ronald B. Leighton
                                                                United States District Judge