UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN MICHAEL BELL,

Plaintiff,

v.

JOHN SIMMONS and ELETTA TIAM, et al.,

Defendant.

CASE NO. 3:18-cv-05918-RBL

ORDER ON *EX PARTE YOUNG*

DKT. # 36

## INTRODUCTION

On June 24, 2019, the Court issued an order dismissing the Nisqually Tribe from the case and dismissing all claims for damages against Nisqually CEO John Simmons and CFO Eletta Tiam.[1] Dkt. # 46. However, the Court declined to dismiss the declaratory and injunctive relief claim against Simmons and Tiam pending additional briefing on whether that claim may proceed under the doctrine of *Ex parte Young*. *Id*. After reviewing the submissions from both parties, the Court hereby GRANTS the Tribe Defendants' Motion for Judgment on the Pleadings [Dkt. # 36] in full and DISMISSES all claims against Defendants Simmons and Tiam.

[1] An overview of the facts may be found in the Court's prior order, Dkt. # 46.

# DISCUSSION

Although a state official acting within the scope of their valid authority normally enjoys sovereign immunity, if the official is enforcing a law that conflicts with federal authority they are "stripped of [their] official or representative character." *Ex parte Young*, 209 U.S. 123, 159–60 (1908). A court may therefore issue declaratory judgment and enjoin official conduct in conflict with the Constitution or congressional statutes. *Id.* at 155-56; *Nat'l Audubon Soc'y, Inc. v. Davis*, 307 F.3d 835, 848 (9th Cir.) (explaining that *Ex parte Young* extends to claims for declaratory relief). This doctrine applies equally to tribal officials. *See Burlington N. & Santa Fe Ry. Co. v. Vaughn*, 509 F.3d 1085, 1092 (9th Cir. 2007) (citing *Burlington N. R. Co. v. Blackfeet Tribe of Blackfeet Indian Reservation*, 924 F.2d 899, 901 (9th Cir. 1991) (overruled on other grounds)).

The Tribe Defendants argue that *Ex parte Young* does not support Bell's claim for injunctive and declaratory relief against Simmons and Tiam for several reasons. First, they argue that Simmons and Tiam are not proper defendants for an *Ex parte Young* action because they lack the requisite connection to enforcement. Second, they assert that Bell's requested relief would require affirmative acts by the Tribe itself, rather than just tribal officials. Third, they contend that Bell lacks standing and his claim for declaratory and injunctive relief is not ripe. Finally, they argue that Bell fails to state a plausible claim that the Tribe's Agreement with the City of Lacey for housing of non-tribal detainees violates federal law. Because the Court agrees with Defendants' first three arguments, it is unnecessary to reach the fourth argument about the merits of Bell's claims.

**1.   Simmons and Tiam's Enforcement Authority**

If a plaintiff wants to enjoin unlawful government action, *Ex parte Young* does not permit them to sue just *any* official. *Okpalobi v. Foster*, 244 F.3d 405, 416 (5th Cir. 2001). Rather, the

defendant "'must have some connection with the enforcement of the act' to avoid making that official a mere representative of the state." *Culinary Workers Union, Local 226 v. Del Papa*, 200 F.3d 614, 619 (9th Cir. 1999) (quoting *Ex parte Young*, 209 U.S. at 157). "This connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Planned Parenthood of Idaho, Inc. v. Wasden*, 376 F.3d 908, 919 (9th Cir. 2004).

In some cases, a plaintiff will be able to satisfy this requirement by showing that the challenged law "specifically grants the defendant enforcement authority." *Tohono O'odham Nation v. Ducey*, 130 F. Supp. 3d 1301, 1309 (D. Ariz. 2015). The connection also may be established through specific threats to enforce the challenged law. *See, e.g., Skokomish Indian Tribe v. Goldmark*, 994 F. Supp. 2d 1168, 1182 (W.D. Wash. 2014). However, if the challenged law does not give rise to enforcement proceedings, a defendant may still be proper under *Ex parte Young* if their general duties create a direct connection to the alleged harm. *See, e.g., Los Angeles Cty. Bar Ass'n v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (defendants had general duties to appoint judges and certify judicial elections).

Here, Bell's Complaint is devoid of allegations regarding how Simmons or Tiam are responsible for enforcing the Agreement's provisions. Tiam's inclusion as a defendant seems to arise from his signature on the 2013 version of the Agreement. Dkt. # 9 at 14. However, by signing the Agreement Tiam was acting as a representative of the Tribe and not in an enforcement capacity. As for Simmons, the Complaint contains no non-conclusory allegations about his enforcement authority and Bell has not provided any additional argument in briefing. The Court thus cannot conclude that Simmons and Tiam are proper defendants in an *Ex parte Young* action.

## 2. Affirmative Acts by the Tribe

Attempts to assert a claim under *Ex parte Young* may amount to an "end run around tribal sovereign immunity" if the tribe itself "is the real, substantial party in interest." *Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150, 1160 (9th Cir. 2002); *Shermoen v. United States*, 982 F.2d 1312, 1320 (9th Cir. 1992) (quoting *Ford Motor Co. v. Department of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). This may be the case "if the relief requested can not be granted by merely ordering the cessation of the conduct complained of but will require affirmative action by the sovereign or the disposition of unquestionably sovereign property." *Shermoen*, 982 F.2d at 1320 (quoting *State of Washington v. Udall*, 417 F.2d 1310 (9th Cir.1969)). Courts have also addressed this issue by asking whether the judgment sought "would expend itself on the public treasury or domain, or interfere with the public administration, or if the effect of the judgment would be to restrain the Government from acting, or to compel it to act." *Dawavendewa*, 276 F.3d at 1160 (quoting *Shermoen*, 982 F.2d at 1320). If so, the suit is against the tribe and barred by sovereign immunity.

A comparison is helpful. In *Arizona Public Service Co. v. Aspaas*, the plaintiffs sued for a declaration that a Navajo employment law was preempted by federal law and an injunction barring the Navajo law's enforcement. 77 F.3d 1128, 1131 (9th Cir. 1995). The court held that there was no sovereign immunity because the complaint "alleged that certain Navajo officials violated federal law by acting beyond the scope of their authority." *Id*. at 1134. In contrast, in *Dawavendewa*, the plaintiff's original complaint was against a company that allegedly preferenced tribal workers pursuant to an agreement with the Navajo Nation. 276 F.3d at 1160. After the court held that the tribe was a necessary party, the plaintiff tried to argue that sovereign immunity did not bar joinder because he could sue tribal officials under *Ex parte Young*. *Id*. at

1159. The court rejected this argument, stating that no official had acted to enforce the lease provision and that the requested relief would "operate against the Nation as signatory to the lease." *Id*. at 1161.

Here, Bell's requested declaratory and injunctive relief similarly would require affirmative actions by the Tribe itself. Bell's claim makes no distinction between the Tribe and its officials. Instead, it merely seeks to enjoin "detention of non-tribal citizens arrested outside tribal jurisdiction." Dkt. # 9 at 14. Without more specificity, this request would require action by the Tribe in its capacity as a party to the Agreement. Bell's claim is therefore barred.

**3.      Ripeness and Standing**

Although a claim under *Ex parte Young* does not carry additional ripeness or imminence requirements, justiciability is still limited by Article III. *Davis*, 307 F.3d at 847 (9th Cir. 2002). To demonstrate standing, a plaintiff must satisfy three elements:

> First, a plaintiff must have suffered an "injury-in-fact" to a legally protected interest. The injury must be both "concrete and particularized" and "actual or imminent," as opposed to "conjectural or hypothetical." . . . Second, there must be a causal connection between the injury and the challenged statute. . . . Third, it must be likely that the injury will be "redressed by a favorable decision."

*Id*. at 848 (internal citations omitted) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 561 (1992)). The ripeness requirement derives from both constitutional requirements and prudential concerns about courts needlessly entangling themselves in abstract disputes. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 2000). The constitutional aspect of ripeness often merges with standing's "injury-in-fact" element. *Id*. at 1138-39. In other words, the plaintiff must face a "realistic danger of sustaining a direct injury" for their claim to be ripe. *Id*. at 1139.

Here, Bell's claim for declaratory and injunctive relief is overly speculative. Bell's only justification for barring implementation of the Agreement is his "fear" that his "legal jeopardy" will "once again land[] [him] in a sovereign jail as a pre-trial detainee." Dkt. # 9 at 14-15. Bell was arrested on August 7, 2016 for petty shoplifting and released 19 days later. *Id*. at 7-9. Bell alleges that he was then put on "bench warrant status" during the two proceeding years. *Id*. at 9. However, Bell provides no persuasive reason to believe he would be suddenly "whisked from the nursing home back into Nisqually." *Id*. Given Bell's claims about his poor health, the fact that he has remained free for the past two years, and the minor nature of his offense, it seems highly unlikely that the City would suddenly send Bell back to jail prior to trial. Even if it did, the decision to send him to the Nisqually facility in particular is a further speculative step. This type of danger is simply not imminent enough to warrant the declaratory and injunctive relief Bell seeks.

**CONCLUSION**

For the above reasons, the Tribe Defendants' Motion for Judgment on the Pleadings [Dkt. # 36] is GRANTED in full. Defendants Simmons and Tiam are DISMISSED from the case.

IT IS SO ORDERED.

Dated this 29th day of July, 2019.

Ronald B. Leighton
United States District Judge