HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEVIN MIACHAEL BELL,<br><br>            Plaintiff,<br><br>   v.<br><br>CITY OF LACEY, et al.,<br><br>            Defendants. | CASE NO. 3:18-cv-05918-RBL<br><br>ORDER ON DOE DEFEDANTS' MOTION TO DISMISS; PLAINTIFF BELL'S MOTION TO COMPEL; AND PLAINTIFF BELL'S MOTION FOR LEAVE TO AMEND<br><br>DKT. ## 51, 54, & 62 |

## INTRODUCTION

THIS MATTER is before the Court on Defendants DOEs 1-25's Motion to Dismiss under Rule 4(m) [Dkt. # 51]; Plaintiff Kevin Michael Bell's Motion to Compel Unredacted Discovery and for Sanction, Fees, and Costs [Dkt. # 54]; and Plaintiff Bell's Motion for Leave to Amend [Dkt. # 62]. As explained in previous Orders, this case concerns an incident that allegedly occurred in August 2016. Bell was arrested by the Lacey police for shoplifting and incarcerated at a Nisqually Tribe detention facility pursuant to a Jail Services Agreement between the Tribe and the City. While there, Bell suffered a stroke and was removed to receive medical help. On November 9, 2018, Bell filed suit against parties related to the Tribe and the

City of Lacey. Among these Defendants are the unnamed individuals who were supposedly responsible for Bell's care while he was incarcerated.

The Doe Defendants have moved to dismiss because of Bell's inability to name and serve the fictitious defendants that allegedly violated his rights while he was incarcerated. Dkt. # 51. Bell, for his part, argues that his failure to serve the Doe Defendants is a result of Defendants' intransigence during discovery and has moved to compel production of his un-redacted jail file. Dkt. # 54. Bell has also moved for leave to amend his Complaint to name three of the Doe Defendants and revise his claims. Dkt. # 62.

The Court considers all three of these Motions below and DENIES the Doe Defendants' Motion, and GRANTS Bell's Motions to Compel and for Leave to Amend, but DENIES Bell's Motion for Fees, Costs, and Sanctions.

**DISCUSSION**

**1.    Doe Defendants' Motion to Dismiss**

Rule 4(m) governs the time for service of the summons and complaint on defendants and involves a "two-step analysis in deciding whether or not to extend the prescribed time period." *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). "First, upon a showing of good cause for the defective service, the court must extend the time period." *Id*. "Second, if there is no good cause, the court has the discretion to dismiss without prejudice or to extend the time period." *Id*. This discretion includes extending the time period on account of "excusable neglect." *Crowley v. Bannister*, 734 F.3d 967, 976 (9th Cir. 2013).

Although Rule 4 provides only 90 days for service, the Ninth Circuit has suggested that plaintiffs may receive a little more leeway when certain defendants' identities are unknown. *Gillespie v. Civiletti* held that, "where the identity of alleged defendants will not be known prior

to the filing of a complaint . . . [t]he plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds." 629 F.2d 637, 643 (9th Cir.1980). As one court has held, *Gillespie* "implicitly recognized [that] an information deficit, where discovery would correct that deficit, is good cause to allow a plaintiff an extended period of time to identify and serve unknown defendants." *Ticketmaster L.L.C. v. Prestige Entm't W., Inc.*, 315 F. Supp. 3d 1147, 1158 (C.D. Cal. 2018). However, dismissal is still proper if the plaintiff has delayed in obtaining discovery on the unnamed defendants or has failed to amend their complaint even after the defendant provided information. *See Corrigan v. Unknown King Cty. Deputy #1*, No. C05-1727P, 2006 WL 3249135, at *2 (W.D. Wash. Nov. 8, 2006); *Garcia v. Clark Cty.*, No. 207-CV-01507-RCJ-PAL, 2009 WL 3786060, at *5 (D. Nev. Nov. 10, 2009) (distinguishing *Gillespie*).

      Here, the Court is satisfied that Bell should receive additional time to effect service on the unidentified Doe Defendants. Bell filed his case on December 14, 2018. The parties were initially absorbed in briefing for Bell's motion for preliminary injunction, which was denied on March 7, 2019. The parties then exchanged initial disclosures on April 29, which Defendants Simmons and Tiam apparently redacted to conceal the identity of the Doe Defendants. Dkt. # 53-1. Bell served discovery on the counsel of record for the Doe Defendants on May 19. This apparently went unanswered. Meanwhile, the parties spent the greater part of April through July litigating whether the Nisqually Tribe and its officers should be dismissed on sovereign immunity grounds, which they were on July 29. Dkt. # 58. Bell apparently served discovery on the Tribe and its officers regarding the Doe Defendants' identities sometime in July. Dkt. # 51 at 3.

In light of all this, Bell has several reasons for failing to amend his Complaint sooner. First, and most importantly, the Tribe Defendants appear to have thwarted Bell's chances of identifying the Doe Defendants by redacting their initial disclosures. Second, the parties have been entangled in tense litigation ever since submitting their discovery plan on May 6. While Bell likely should have wasted no time in serving discovery regarding the Doe Defendants on the identified Tribe Defendants, his negligence was relatively minor and excusable under the circumstances. The Court thus finds that Bell should receive additional time to identify and serve the remaining Doe Defendants and DENIES the Doe Defendants' Motion.

**2.  Bell's Motion to Compel Discovery**

Bell moves to compel production of an unredacted version of the Tribe Defendants' initial disclosure documents, specifically Bell's "jail file" from the time he was incarcerated at the Nisqually facility.[1] *See* Dkt. # 59 at 2; Dkt. # 53-1. Bell argues that unredacted copies must be compelled because Defendants provided no privilege log justifying their redactions or sought a protective order from the Court. *See In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992) (holding that a privilege log is an acceptable way of showing a privilege exists). The Doe Defendants, who are the only remaining Defendants associated with the Tribe, argue that they are not subject to Rule 26 because they have not been identified and therefore are not parties to the case.

The rule that a person becomes a party to an action either through valid service of process or voluntary appearance "appl[ies] with equal force to persons fictitiously named." *Nagle v. Lee*, 807 F.2d 435, 440 (5th Cir. 1987) (citing *Restatement (Second) of Judgments* § 34, at 345 (1982)

---

[1] Although Bell references the Doe Defendants' failure to respond to his initial set of interrogatories and requests for production, his Motion seems to only request production of unredacted file that was included in Simmons and Tiam's initial disclosures. Dkt. # 54 at 2, 4.

and holding that unnamed defendants never became parties to the previous action for purposes of applying res judicata); *see also Dixon v. Armas*, No. 113CV00165DADEPG, 2017 WL 4299204, at *2 (E.D. Cal. Sept. 28, 2017) (relying on *Nagle*). Rule 26 states that "a party" must provide initial disclosures. Fed. R. Civ. P. 26(a)(1)(A).

Here, although they have not been served, the Doe Defendants have voluntarily appeared in the case through the Tribe's counsel. They also served their own initial disclosures on Bell and joined in the initial disclosures of the other Tribe Defendants. They are therefore parties to this case subject to the Court's jurisdiction. While Bell's inability to identify the Doe Defendants may make it impossible to say exactly what documents are "in their possession, custody, or control," Fed. R. Civ. P. 26(a)(1)(A)(ii), the Doe Defendants demonstrated their control of the redacted documents at issue here by joining in the other Tribe Defendants' initial disclosures. *See* Dkt. # 60, Ex. 1, at 2 (joining in the production of "all documents disclosed by the Nisqually Tribe"). The Doe Defendants cannot have it both ways by obtaining counsel and participating in Discovery but then pretending to be outside the Court's jurisdiction when it is convenient. Because Defendants have provided no other reason for their redactions, the Court GRANTS Bell's Motion to Compel.

However, the Court finds that attorney fees and costs and sanctions are not appropriate here. While Bell produces evidence that he conferred with the Doe Defendants' lawyer about the failure to respond to his discovery requests, it is unclear whether the redactions were addressed. The emails produced by the Doe Defendants suggest they were not.

**3.     Bell's Motion for Leave to Amend**

Bell moves to amend his Complaint to name three of the Doe Defendants. *See* Dkt. # 62, Ex. A. Bell also seeks to revise his Due Process claim, add claims for Equal Protection violations

and Denial of Access under *Christopher v. Harbury*, 536 U.S. 403 (2002), and retract his claims against the dismissed Tribe Defendants. The Doe Defendants oppose the Motion largely by relying on their own Motion to Dismiss under Rule 4(m). The City Defendants similarly respond by referring to their Motion to Dismiss for Failure to Join an Indispensable Party under Rule 19(a). Dkt. # 63. Because the Court has denied these Motions to Dismiss, Defendants' arguments are dead on arrival.

Under Rule 15, a party may amend its pleading once within 21 days of service or 21 days after a responsive pleading or a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Beyond that, a party may amend only with written consent from the opposing party or leave of the court. Fed. R. Civ. P. 15(a)(2). However, a court should grant leave "freely . . . when justice so requires," and that policy is "to be applied with extreme liberality." *Id.*; *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). The Supreme Court has advised lower courts to consider undue delay, bad faith, dilatory motives, repeated failures to cure deficiencies, futility, undue prejudice, for any other factor it deems important to the calculus. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit has advised that prejudice is the "touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052 (citing *Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party"); *cf. DCD Programs*, 833 F.2d at 186–87 (noting that party opposing amendment "bears the burden of showing prejudice").

Here, for reasons already explained with respect to the Doe Defendants' Motion to Dismiss, Bell's delay in identifying and naming the Doe Defendants is not so great as to create

prejudice. There is also no clear reason why Bell's other amendments would prejudice any of the existing parties. Consequently, Bell's Motion for Leave to Amend is GRANTED.

## CONCLUSION

For the above reasons, the Doe Defendants' Motion to Dismiss under Rule 4(m) is DENIED. Dkt. # 51. Bell's Motion to Compel Discovery and Motion for Leave to Amend are GRANTED. Dkt. ## 54 & 62. However, Bell's Motion for Fees, Costs, and Sanctions is DENIED.

**IT IS SO ORDERED.**

Dated this 12th day of September, 2019.

_____
Ronald B. Leighton
United States District Judge