HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KEVIN MIACHAEL BELL,

    Plaintiff,

v.

CITY OF LACEY, et al.,

    Defendants.

CASE NO. 3:18-cv-05918-RBL

ORDER ON CITY DEFENDANTS'
MOTION TO DISMISS FOR FAILURE
TO JOIN AN INDISPENSIBLE
PARTY UNDER RULE 19

DKT. # 63

**INTRODUCTION**

THIS MATTER is before the Court on Defendants City of Lacey, Dusty Pierpont, Joe Upton, David Schneider, Andy Ryder, and Scott Pence's ("City Defendants") Motion to Dismiss under Rule 19. Dkt. # 63. As explained in previous Orders, this case concerns an incident that allegedly occurred in August 2016. Bell was arrested by Lacey police for shoplifting and incarcerated at a Nisqually Tribe detention facility pursuant to a Jail Services Agreement between the Tribe and the City. While there, Bell suffered a stroke and was removed to receive medical help. On November 9, 2018, Bell filed suit against parties related to the Tribe and the City. The proposed First Amended Complaint contains the following claims against the City Defendants: Deprivation of Due Process, False Imprisonment, Deliberate Indifference to Medical

1 Needs, Declaratory and Injunctive Relief, Conspiracy to Violate Constitutional Rights, Equal Protection Violation, and Denial of Access under *Christopher v. Harbury*, 536 U.S. 403 (2002). All the claims stem from the City's actions in sending Bell to be detained at the Tribe's facility.

On July 29, the Court dismissed Defendants John Simmons, Eletta Tiam, and the Nisqually Tribe from the case based on sovereign immunity. Dkt. ## 46 & 58. The City Defendants then promptly filed this Motion seeking to dismiss for failure to join the Tribe, which they argue is indispensable if the case is to proceed. According to the City Defendants, the Tribe's absence both prevents complete relief for Bell and threatens the Tribe's interest in their Agreement with the City to provide jail services. For the following reasons, the Court DENIES the City Defendants' Motion.

**DISCUSSION**

Rule 19(a)(1) requires joinder of a party: (A) if the Court would not be able to "accord complete relief" in their absence or (B) if the party "claims an interest relating to the subject of the action" and resolving the case without them would impede their practical ability to protect that interest or subject an existing party to inconsistent obligations. Fed. R. Civ. P. 19(a). The "complete relief" described in Rule 19(a)(1)(A) "'is concerned with consummate rather than partial or hollow relief as to those already parties, and with precluding multiple lawsuits on the same cause of action.'" *Alto v. Black*, 738 F.3d 1111, 1126 (9th Cir.2013) (quoting *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d 861, 879 (9th Cir.2004)). "To be 'complete,' relief must be 'meaningful relief *as between the parties*.'" *Id.* (quoting *Disabled Rights*, 375 F.3d at 879). As for Rule 19(a)(1)(B), the absentee's interest must be "legally protected" and cannot be speculative, although this does not require that the party's position be meritorious. *See Dawavendewa v. Salt River Project Agr. Imp. & Power Dist.*, 276 F.3d 1150,

1155 n. 5 (9th Cir. 2002) (citing *McLaughlin v. Int'l Ass'n of Machinists & Aerospace Workers*, 847 F.2d 620, 621 (9th Cir.1988)). A party to a contract has an interest in a lawsuit "seeking to decimate that contract." *See id.* at 1157.

The absence of a necessary party does not mandate dismissal unless the party is also found to be indispensable. Fed. R. Civ. P. 19(b). Courts consider four factors in this analysis: "(1) the prejudice to any party or to the absent party; (2) whether relief can be shaped to lessen prejudice; (3) whether an adequate remedy, even if not complete, can be awarded without the absent party; and (4) whether there exists an alternative forum." *Id*. at 1161–62; *see also Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1024 (9th Cir. 2002). Numerous cases have been dismissed in the Ninth Circuit under Rule 19(b) when the plaintiff's claim threatens a sovereign tribe's contract interests. *See, e.g., Dawavendewa*, 276 F.3d at 1163. (plaintiff challenged hiring preference policy in tribe's contract with mining company); *Am. Greyhound Racing*, 305 F.3d at 1025 (plaintiffs sought to enjoin governor from entering new gaming compacts with tribes); *Kescoli v. Babbitt*, 101 F.3d 1304, 1311 (9th Cir. 1996) (plaintiff challenged a condition in permit allowing company to mine on tribal land); *Lomayaktewa v. Hathaway*, 520 F.2d 1324, 1325 (9th Cir. 1975) (plaintiff sought to cancel lease on which absent tribe was lessor). However, "if no alternative forum is available to the plaintiff, the court should be 'extra cautious' before dismissing the suit." *Makah Indian Tribe v. Verity*, 910 F.2d 555, 560 (9th Cir. 1990).

Here, the majority of Bell's claims challenge actions taken by the City Defendants pursuant to the Agreement. Insofar as Bell only seeks monetary damages for these claims (he has a separate claim for declaratory and injunctive relief), the Tribe is not a necessary party. The Court could fashion complete relief for the City's independent violations, and the City could sue the Tribe separately for contribution under the Agreement's indemnification clause if necessary.

*See* Dkt. # 37-1. While the Tribe does have some interest in claims that relate to its Agreement, that interest is not sufficiently "substantial" to make them a necessary party because the Agreement itself is not directly threatened. *See Cachil Dehe Band of Wintun Indians of the Colusa Indian Cmty. v. California*, 547 F.3d 962, 970 (9th Cir. 2008).

The City Defendants correctly point out that Bell couches nearly all his claims in terms of the Agreement's illegality. Dkt. # 62, Ex. A, at 12-20. Consequently, the City argues that deciding Bell's claims will require "determin[ing] the legality and enforceability of the underlying jail service agreements." Dkt. # 69 at 3. But a court's determinations on the way to reaching a final judgment are not the same as the judgment itself. One court's observation that a contract is illegal may suggest that the parties should re-examine their arrangement to avoid future liability, but it does not compel the parties to do anything if there is no injunction or declaratory judgment. It is also not binding on other courts, which may disagree with the prior court's reasoning. This distinguishes the current case from *Dawavendewa*, *American Greyhound Racing*, *Lomayaktewa*, and *Kescoli*, all of which based their Rule 19 reasoning on the prospect of a court judgment invalidating contractual rights. Here, in contrast, the City and Tribe could continue carrying out their agreement even if Bell won on these claims and received money damages.

However, the Tribe is a necessary party with respect to Bell's claim for injunctive and declaratory relief, which does seek to invalidate the Agreement. Like *Dawavendewa*, the Court is unable to accord complete relief for this claim as long as the Tribe is unbound by any judgment. *See id.* at 1156. A judgment that only bound the City could also put the City "between the proverbial rock and a hard place" of choosing between the Court's opinion and its Agreement

with the Tribe, which would still be enforceable on one end. *Id*. It is also undeniable that the Tribe has a substantial interest in the survival of its Agreement with the City.

This leaves only the question of whether the Tribe is indispensable to resolving Bell's claim for injunctive and declaratory relief. Despite obvious parallels with similar Ninth Circuit cases that ended in dismissal, the Court cannot help but observe the troubling implications of dismissing a serious constitutional claim like this via the sovereign immunity/Rule 19 one-two punch.[1] As multiple law review articles have observed, this method of ending cases often results in "closing the courthouse doors completely" to an aggrieved party. Ross D. Andre, *Compulsory (Mis)joinder: The Untenable Intersection of Sovereign Immunity and Federal Rule of Civil Procedure 19*, 60 EMORY L.J. 1157 (2011); *see also* Katherine Florey, *Making Sovereigns Indispensable: Pimentel and the Evolution of Rule 19*, 58 UCLA L. REV. 667, 722 (2011); Nicholas V. Merkley, *Compulsory Party Joinder and Tribal Sovereign Immunity: A Proposal to Modify Federal Courts' Application of Rule 19 to Cases Involving Absent Tribes As "Necessary" Parties*, 56 OKLA. L. REV. 931 (2003). In addition to shutting out plaintiffs, this application of Rule 19 creates perverse incentives for governmental and private entities to export their dirty work to reservations, where it can be protected by contracts that are legally unassailable. This concern is especially acute here, where the relevant contract implicates the basic rights and liberties of third parties.

With this in mind, the Court cannot in good conscience dismiss Bell's claim for declaratory and injunctive relief.[2] It is true that, as in *Dawavendewa*, the Tribe may be

---

[1] The same is true for Bell's other claims, although the Court holds that the Tribe is not a necessary party with respect to the claims seeking monetary relief.

[2] The Court does not comment on the merit of Bell's underlying claims. Instead, it is the nature of the claims and subject matter of the relationship between the Tribe and the City that is important here.

DKT. # 63 - 5

prejudiced if the case continues without it and there is no potential for shaping relief that would avoid this outcome. *See* 276 F.3d at 1162; *see also* Fed. R. Civ. P. 19(b)(1) & (2). Nonetheless, the lack of an alternative forum for this type of claim outweighs the Tribe's interest in simultaneously maintaining sovereign immunity and avoiding any threat to its contract.[3] *Cf. Am. Greyhound Racing*, 305 F.3d at 1025. If Bell or others like him are in imminent danger of being unconstitutionally detained by a government entity, they must be able to stop that entity from continuing its illegal practices.[4] While it may not be possible to bind the Tribe to a judgment, the Court can still shape an adequate remedy in the form of enjoining the City from sending detainees to the Tribe's facility. Fed. R. Civ. P. 19(b)(3).

This outcome does risk prejudicing the Tribe, but the Tribe has the option of intervening in the case if it wishes to defend its interests. Unlike situations where joining a party would necessarily destroy subject matter jurisdiction, nothing prevents the Tribe from waiving its sovereign immunity and re-entering the case. Furthermore, because of the Agreement's indemnity provision, the City would have the option of suing the Tribe to obtain a binding judgment on the Agreement's legality if the Court were to decide in Bell's favor. This diminishes the chance of prejudicing the City. In short, while the Tribe has the right to contract with outside entities without waiving sovereign immunity, this should not compel the dangerous result that such agreements are entirely beyond the law's reach.

---

[3] Although the Tribe is not a necessary party for adjudicating Bell's claims seeking monetary relief, if this were not the case the Court would also decline to dismiss those claims under Rule 19(b). If preventing future unconstitutional incarceration outweighs the Tribe's interest in asserting sovereign immunity, recovering for past harms from such incarceration does as well.

[4] The Court notes that it previously held that Bell lacked standing to assert an injunctive and declaratory relief claim against Tribe officials Simmons and Tiam. *See* Dkt. # 58 at 5. The same reasoning may apply with respect to the claim against the City Defendants, but no standing arguments have been asserted here.

**CONCLUSION**

For these reasons, the Court DENIES the City Defendants' Motion to Dismiss.

IT IS SO ORDERED.

Dated this 12th day of September, 2019.

Ronald B. Leighton
United States District Judge